■ CARLOS MALDONADO et al., Respondents, v MARYLAND RAIL COMMUTER SERVICE ADMINISTRATION, Appellant. (Action No. 1.) CARLOS MALDONADO et al., Respondents, v MASS TRANSIT ADMINISTRATION, Appellant. (Action No. 2.) [657 NYS2d 510] —White, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered August 22, 1995 in Chemung County, which granted a motion by defendant Mass Transit Administration to dismiss the complaint in action No. 1, and (2) from an order of said court, entered June 27, 1996 in Chemung County, which modified a prior order in action No. 1 and denied a motion by Mass Transit Administration to dismiss the complaint in action No. 2.

On March 9, 1992, plaintiff Carlos Maldonado (hereinafter plaintiff), while employed by ABB Traction, Inc., sustained injuries while removing duct work from a railway car owned by defendant Maryland Mass Transit Administration (hereinafter MTA). On March 9, 1995 plaintiff and his wife, derivatively, commenced action No. 1 by filing a summons and complaint in the Chemung County Clerk's office naming Maryland Rail Commuter Service Administration (hereinafter MRCSA) as a defendant, and by serving a temporary clerical worker at the Baltimore-Washington International Airport on April 6, 1995. The summons and complaint was eventually received by MTA, which then appeared in a limited capacity and moved to dismiss the summons and complaint pursuant to CPLR 3211. This motion was granted by Supreme Court by order entered August 22, 1995, without prejudice.

Plaintiffs then commenced action No. 2 against MTA by filing a summons and complaint on November 14, 1995, and MTA moved to dismiss on the ground that action No. 2 was barred by the Statute of Limitations. Supreme Court denied this motion holding that although the defendant was incorrectly named and service was made on an unauthorized person in action No. 1, plaintiffs were entitled to commence a new action pursuant to CPLR 306-b (b) since action No. 1 was timely commenced within the three-year Statute of Limitations, and plaintiffs had filed and served the summons and complaint in action No. 2 within 120 days of the dismissal of action No. 1.

MTA contends that MRCSA, the defendant named in the

first action, was not a legal entity and since MTA, the defendant in the second action, was not named in the first action and was not on notice of this action prior to the expiration of the Statute of Limitations, CPLR 306-b (b) is not applicable.*

The requisite predicate for the application of extension provisions, such as CPLR 205 (a) and 306-b (b), is that the dismissed original action must have been timely commenced (*see, Bradley v St. Clare's Hosp.*, 232 AD2d 814, 815). In this case the wrong entity was named and purportedly served, and while the CPLR is to be liberally construed to rectify defects or omissions, the " 'acquisition of personal jurisdiction is a prerequisite to the exercise of a court's discretionary power to correct an irregularity or permit prosecution of a matter brought in an improper form' " (*Matter of Vetrone v Mackin*, 216 AD2d 839, 841, quoting *Matter of Common Council v Town Bd.*, 144 AD2d 90, 92). We note that in cases involving the "relation back" doctrine it is required that the intended defendant have notice of the claim within the applicable Statute of Limitations period, and it must be shown that proper service was made within the limitations period before the amendment is allowed (*see, Buran v Coupal*, 213 AD2d 863, 866, *affd* 87 NY2d 173; *Benware v Schoenborn*, 198 AD2d 710, 711-712; *Potamianos v Convenient Food Mart*, 197 AD2d 734, 735). In *Schiavone v Fortune* (477 US 21), a libel action improperly naming Fortune magazine as the defendant was commenced shortly before the Statute of Limitations ran, and the complaints were later amended to name Time magazine as the proper defendant after the limitation period had run. The US Supreme Court, stating that the linchpin is notice within the limitation period, held that the new complaints did not relate back to the filing of the original complaints since there was no showing that Time magazine received notice of the commencement of the action within the Statute of Limitations (*id.*, at 31-32).

In this case since the wrong entity was named as a defendant in action No. 1, we find that the action against MTA was not timely commenced; as there has been no showing that MTA was aware of this action until after the Statute of Limitations had run, the remedial provisions of CPLR 306-b (b) are un-

---

* CPLR 306-b (b) provides that: "If an action dismissed for failure to file proof of service * * * or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period."

available to plaintiffs (*see, Mohammed v Elassal*, 226 AD2d 509). Therefore, because of the failure by plaintiffs to obtain personal jurisdiction in action No. 1, the order of Supreme Court in action No. 2 must be reversed and the motion by MTA to dismiss the complaint granted. This disposition renders academic the appeal from the order entered August 22, 1995.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal from the order entered August 22, 1995 is dismissed, as academic. Ordered that the order entered June 27, 1996 is reversed, on the law, with costs, motion granted and complaint dismissed in action No. 2.