OPINION OF THE COURT
Bellacosa, J.
The issue on this appeal is whether a dismissed action, in which a nonexistent entity was named as a defendant and no proper service of process was accomplished, may be recommenced against the intended defendant pursuant to CPLR 306-b (b). Supreme Court denied defendant Maryland Mass Transit Authority’s motion to dismiss plaintiffs’ second effort. The Appellate Division unanimously reversed and dismissed plaintiffs’ complaint, holding that the first action was not timely commenced and thus the CPLR 306-b (b) remedy is not available (239 AD2d 740, 741-742). We granted leave to appeal and now affirm.
On March 9, 1992, plaintiff Maldonado was injured while removing duct work from a railway car owned by Maryland Mass Transit Administration. Maryland had contracted with Maldonado’s employer, ABB Traction, Inc., for repair of the car. On March 9, 1995, the last day for Statute of Limitations purposes (see, CPLR 214 [5]), Maldonado and his wife, through their attorney, filed a summons and complaint in the Chemung County Clerk’s office. The process named Maryland Rail Commuter Service Administration, allegedly “a duly organized corporation,” as defendant (Maldonado 7). Plaintiffs used the name Maryland Rail Commuter Service Administration, based on their interpretation of the signage “MARC” which appeared in large letters on the side of the railway car. As required by Federal regulations, the words “Maryland department of transportation owner/lessor” appeared on the six-by-two-inch ownership plate affixed to the interior wall of the railway car.
On April 6, 1995, service of the filed process for this first action was attempted on a temporary clerical worker at the Baltimore-Washington International Airport. The summons and complaint were eventually received by Maryland Mass Transit Administration, though after the Statute of Limitations period had expired. Appearing in a limited capacity, *470 Maryland MTA moved to dismiss pursuant to CPLR 3211. It asserted that the entity named as defendant, “Maryland Rail Commuter Service Administration,” does not exist and that “MARC” is an acronym used in marketing and promotional efforts. Supreme Court granted the motion and dismissed the action without prejudice. Plaintiffs never sought timely amendment of the complaint to cure the party deficiency and ineffective service aspects in the futile first action.
Plaintiffs then initiated the second action at issue on this appeal. They correctly named the Maryland Mass Transit Administration as defendant and described it as “the public transportation arm of the Department of Transportation for the State of Maryland.” Plaintiffs’ attorney filed this summons and complaint on November 14, 1995 (Maldonado II). Maryland MTA again moved to dismiss, this time on the ground that the Statute of Limitations barred the second effort, and that no procedural savings devices applied. Supreme Court denied the motion, concluding that Maldonado I was “timely commenced within the three year statute of limitation” and that CPLR 306-b (b) permitted plaintiffs to file and serve a follow-up summons and complaint in Maldonado II within 120 days of the dismissal of the first action.
The Appellate Division unanimously reversed, deciding that because the wrong entity was named as a defendant in Maldonado I, the action against Maryland MTA was not timely commenced (239 AD2d 740, supra).
We agree that plaintiffs’ first action was not timely commenced against the intended defendant-respondent, within the meaning of CPLR 306-b (b), because of the failure to name an existing entity and to effect proper service. The resuscitative remedy provided by CPLR 306-b (b) is, thus, not available and the dismissal of the first action cannot serve as a predicate for plaintiffs to commence a new action.
At the time plaintiffs tried to start both Maldonado I and Maldonado II, CPLR 306-b (b) provided, in part, that:
“If an action dismissed for failure to file proof of service * * * or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided *471 that service upon the defendant is effected within such one hundred twenty day period” (emphasis added).
In this case, plaintiffs concededly failed initially to achieve effective service on any legally extant entity. Plaintiffs maintain, nonetheless, that the first action should be deemed timely commenced, and that section 306-b (b) requires only that the intended, actual defendant be fairly apprised of an action within the 120 days after the first dismissal.
Prior to the enactment of the remedial statute, this Court held that an action was not “commenced,” for purposes of CPLR 205 (a), if it was “dismissed for lack of personal jurisdiction due to a lack of or improper service” (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288). At the time of the Markoff decision, CPLR 205 (a) permitted a plaintiff to commence a new action, under limited circumstances, within six months of termination of the original action, provided that “the new action would have been timely commenced at the time of commencement of the prior action” (CPLR 205 [former (a)]). Notably, the Legislature subsequently amended the CPLR to institute a commencement-by-filing system (see, Matter of Fry v Village of Tarrytown, 89 NY2d 714). That change might engender additional procedural wrinkles not now before us, concerning which therefore we imply no advance views.
Contextually for this case, CPLR 306-b (b) is the legislative response to Markoff. The statute removes the incentive for defendants to file motions to dismiss on the ground of improper service after the limitations period had run (see, Mem of Comm on CPLR of NY State Bar Assn, Bill Jacket, L 1992, ch 216, at 27; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:3, 1998 Cum Pocket Part, at 130). In its report on the proposed amendment of CPLR 306-b (b), the New York State Bar Association noted that under the then-applicable law, “even if a defendant actually receives the summons before the expiration of the limitations period, and responds to it, the defendant can make a motion to dismiss based on service after the expiration of the limitations period” (Mem of Comm on CPLR of NY State Bar Assn, Bill Jacket, L 1992, ch 216, at 27). The Bar Association report then noted that when such a motion is granted, the action cannot be recommenced under CPLR 205, because “the action was never deemed to have been commenced in the first place and the limitations period had never been tolled” (id.). The legislative history explaining the remedial reach of CPLR 306-b (b), however, *472 does not address the instant situation, when the named defendant never legally existed. That is the key to the disposition of this case.
Plaintiffs-appellants’ suggestion that the intended real party only needs to receive notice of the action within 120 days of the dismissal would go too far in circumstances like those presented here and would contradict the core practical purpose of the remedial statutory device. Thus, we hold that where, as occurred here, the misnaming is patently no naming and no effective service was achieved, the predicate action is not timely commenced as required under CPLR 306-b (b).
Notably, various sorts of misnomers of parties may be regrettably all too common. Plaintiffs may try to cure mere misdesignations, however, by seeking leave of a court to amend pursuant to CPLR 305 (c), provided that a substantial right of a party is not prejudiced. Here plaintiffs have not cited nor has research revealed any case where amendment to cure a nonexistent party deficiency was permitted under CPLR 305 (c), after the limitations period expired in circumstances where no timely effective service was ever accomplished.
Indeed, plaintiffs here did not seek to correct the party deficiency in Maldonado I, pursuant to CPLR 305 (c). Even if they had, the request for that relief would have had to overcome the serious impediment of plaintiffs’ utter failure to obtain any jurisdictional fastener over the intended real defendant, Maryland MTA (compare, Simpson v Kenston Warehousing Corp., 154 AD2d 526, 527). The combination of these factors produce the fatal result for plaintiffs-appellants.
In any event, the availability of CPLR 305 (c) for faulty name situations does not warrant the leap to the larger conclusion that a first action should be deemed timely commenced for CPLR 306-b (b) purposes when the intended defendant does not exist and no proper service was effected. That would require far too much judicial hurdling and interlacing of the relevant statutes and principles. This conclusion is especially sensible and fair since professional punctuality, precision and responsibility to client interests can effectively protect everyone’s rights by adherence to regularity of process.
In sum, we agree with the Appellate Division that — because Maldonado I was never timely commenced against defendant-respondent Maryland MTA within the intendment of CPLR 306rb (b) — plaintiffs’ piggyback action against that party cannot stand. We have considered appellants’ other arguments *473 and conclude that they are without merit in the context of this dispute.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur.
Order affirmed, with costs.