■ METROPOLIS SEAPORT ASSOCIATES, L.P., Respondent-Appellant, v SOUTH STREET SEAPORT CORPORATION, Appellant, and CITY OF NEW YORK, Appellant-Respondent, et al., Defendants. [678 NYS2d 317] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered June 10, 1997, which denied defendants' motion and cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), granted plaintiff's motion for a *Yellowstone* preliminary injunction, and set the amount of the undertaking required from plaintiff at $1,500,000, and order, same court and Justice, entered August 6, 1997, which, upon plaintiff's failure to post the required undertaking, vacated and dissolved the injunction, unanimously affirmed, without costs.

Plaintiff, as tenant, commenced the underlying action in December 1994 against all defendants except the City. The complaint sought, *inter alia*, reformation of the parties' lease, declaratory and injunctive relief, and damages, based, *inter alia*, upon various affirmative misrepresentations allegedly made by defendants' representatives at the lease closing. Plaintiff's first action was automatically dismissed pursuant to CPLR former 306-b (a), for failure to file timely proof of service. However, on June 19, 1995, within 120 days of the automatic dismissal, plaintiff commenced a new action, this time including the City as a defendant. Pursuant to CPLR former 306-b (b), the second action's commencement was timely to the same extent as the initial action against all defendants, except the City which was not a party thereto. The record discloses that the City was aware of the first action and was sufficiently united in interest with defendant South Street Seaport Corporation, against whom that action was timely commenced by filing, so the City will not be prejudiced in defending the action on the merits (CPLR 203 [c]; *see, Buran v Coupal*, 87 NY2d 173, 178; *cf., Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467). As to the timeliness of plaintiff's individual causes for breach and reformation, those contract claims were timely interposed, contrary to defendants' arguments, since they are governed by the six-year Statute of

Limitations (CPLR 213 [2]; *Tursi v St. Joseph's Sanatorium*, 133 AD2d 910, 911-912), and accrued upon delivery of the subject lease at the closing on December 23, 1988 (*see, 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511).

In addition, plaintiff has properly stated a claim for fraud in its first cause of action, wherein it is alleged that defendants made numerous affirmative misrepresentations at the closing to induce plaintiff to finalize the transaction. The allegations upon which the first cause of action is premised are thus to be distinguished from those pertinent to the third cause of action, which allege that defendants' representation in paragraph 17.02 of the lease was "false when made" (*cf., Gordon v De Laurentiis Corp.*, 141 AD2d 435, 436).

Plaintiff's cause of action for declaratory relief was properly sustained since the allegations of the complaint sufficiently set forth a bona fide justiciable controversy, the resolution of which may entail a declaration of the parties' rights and obligations (*see, Metropolitan Package Store Assn. v Koch*, 89 AD2d 317, 321, *appeals dismissed* 58 NY2d 1112, *appeal dismissed* 464 US 802).

The amount of the undertaking set by the IAS Court was appropriate since it was rationally related to the damages sustainable by defendants in the event of a subsequent determination that preliminary injunctive relief had been erroneously granted (*see, Margolies v Encounter, Inc.*, 42 NY2d 475, 479). However, inasmuch as plaintiff failed to post the undertaking despite apparently being given over a month to do so, the IAS Court's vacatur of the preliminary injunction was proper. Nonetheless, plaintiff's cause of action for permanent injunctive relief is not rendered moot by the vacatur since plaintiff may yet be entitled to such permanent relief if ultimately successful on the merits.

Reargument granted, and, upon reargument, the prior unpublished decision and order of this Court entered June 9, 1998 is recalled and vacated, and a new decision and order substituted therefor. So much of the motion as seeks leave to appeal to the Court of Appeals is denied. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.