■ RYSZARD ZALESKI et al., Respondents, v MICHAEL MLYNARKIEWICZ et al., Appellants. [679 NYS2d 669] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated July 18, 1997, which denied their motion to dismiss the action as time-barred.

Ordered that the order is affirmed, with costs.

In a prior action by the plaintiffs against the defendants, the plaintiffs filed the summons and complaint within the applicable Statute of Limitations. Thereafter, and before the Statute of Limitations expired, the plaintiffs served the process at the wrong address. A judgment entered against the defendants upon their default in appearing was vacated based on the court's finding, after a hearing to determine the validity of service, that such service was improperly made.

In March 1997, within 120 days after the dismissal, the plaintiffs commenced the instant action. The Supreme Court found that pursuant to the applicable statute (CPLR former 306-b [b]), the instant action was not barred by the Statute of Limitations. We agree.

CPLR former 306-b (b), the governing statute in the case before us, provided as follows: "If an action dismissed for * * * *failure to effect proper service* was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of

such dismissal provided that service upon the defendant is effected within such one hundred twenty day period" (emphasis added).

Because the dismissal was for failure to effect proper service—the very condition contemplated by the above statute—the plaintiff had 120 days to commence a new action, and did so. The dissent's reliance on *Maldonado v Maryland Rail Commuter Serv. Admin.* (239 AD2d 740, *affd* 91 NY2d 467), is misplaced. In *Maldonado (supra)* the Court of Appeals repeatedly stressed that no effective service was achieved inasmuch as the named defendant never legally existed. Thus, *Maldonado (supra)* did not involve *improper* service but, in effect, no service at all. Its applicability here would involve an inappropriate extension of its holding.

We have considered the defendants' remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien and Krausman, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from, on the law, and to dismiss the complaint, with the following memorandum: The plaintiffs allege that on January 9, 1994, Ryszard Zaleski was at his residence at 235 Eckford Street in Brooklyn when the defendants assaulted him with a hard object. On June 9, 1994, the plaintiffs commenced an action against the defendants by filing in court, and purported to serve the defendants with the summons and complaint at an incorrect address. Since the summons and complaint were not delivered to the correct address, the defendants received no notice of the action until served with a default judgment entered June 5, 1995, at their correct address. By that time, the Statute of Limitations had expired. The Supreme Court, in dismissing the action, stated that "service was improper". However, this characterization is not binding upon us. It is clear that the summons and complaint were served at an address which was not that of the defendants.

The instant action was commenced in March 1997 within 120 days of that dismissal. The Supreme Court found that the instant action is not barred by the Statute of Limitations, because CPLR former 306-b (b) provided that "[i]f an action dismissed for * * * *failure to effect proper service* was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations" based upon the same transactions or occurrences (emphasis supplied).

In my view, CPLR former 306-b (b) is inapplicable, as the defendants were never served nor received notice of the prior action until after the Statute of Limitations expired.

Failure to effect proper service means failure to comply with the legally-prescribed manner of service (*see, Matter of Gershel v Porr,* 226 AD2d 636, 637, *affd* 89 NY2d 327). Examples, amongst others, of an improper manner or method of service include service by ordinary mail (*see, Tralongo v State of New York,* 161 AD2d 584), service upon the defendant's attorney (*see, Matter of Mark-Holli Realty v New York City Loft Bd.,* 205 AD2d 315), or service upon the defendant at an address which does not constitute the defendant's last known address rather than his or her dwelling place or usual place of abode (*see, Tetro v Tizov,* 184 AD2d 633). By its terms, the phrase "failure to effect proper service" does not mean no service at all. Rather, it means that the defendant has been served, albeit improperly, and has received notice of the action.

In *Maldonado v Maryland Rail Commuter Serv. Admin.* (239 AD2d 740, 741, *affd* 91 NY2d 467), a primary consideration was that there was no showing that the appellant was aware of the action until after the Statute of Limitations had run. Here the defendants had no notice of the causes of action interposed against them until after the Statute of Limitations expired. The fact that they were named in the prior action was of no consequence to them. What was done here was no different than so-called "sewer" service.

The majority's interpretation of CPLR former 306-b (b) deprives the defendants of the benefit of the Statute of Limitations and forces them to defend stale claims. Such an interpretation does violence to the primary purpose of a Statute of Limitations, while severely prejudicing the defendants' rights (*see, Connell v Hayden,* 83 AD2d 30, 41).