■ MARIA MEDRANO, Respondent, v JOSEPH LOBASCO et al., Appellants. [691 NYS2d 183] —In an action to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Durante, J.), dated April 23, 1998, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's decedent died as a result of injuries he suf-

fered when he fell down a set of stairs in a building allegedly owned by the defendants at 31-23 Linden Place, Flushing. The defendant Annchar Realty Co. (hereinafter Annchar) is a partnership in which the defendant Joseph Lobasco is a partner. The plaintiff commenced her first action against Lobasco, Parvesh C. Choppa, and Gitinder Choppa by filing a summons and complaint with the Queens County Clerk on December 2, 1995. That complaint alleged, *inter alia*, that the situs of the accident was 31-23 Linden Place, and that the three defendants in that action were the owners of that building. In the first action, the plaintiff allegedly served Lobasco by affixing the pleadings to 31-23 Linden Place, Flushing, and mailing a copy to him at that address. In an order dated February 18, 1997, the plaintiff's motion for a default judgment against Lobasco was granted. In an order dated August 25, 1997, the court granted Lobasco's motion to vacate the order dated February 18, 1997, and to dismiss the complaint insofar as asserted against him, on the ground that he was not properly served with the summons.

The plaintiff then commenced this action by filing an amended summons and complaint with the Queens County Clerk on October 6, 1997. The plaintiff served Annchar on October 14, 1997, by serving the amended summons and complaint on its managing agent and on Lobasco by serving the papers on his housekeeper at his residence at 5 Morgan Avenue in Old Westbury. In the amended complaint, the situs of the accident was designated as 31-53 Linden Place and Annchar and Lobasco are alleged to be owners of the building at the accident situs.

Thereafter, the Supreme Court denied the defendants' motion to dismiss the new action as barred by the applicable Statute of Limitations, finding that the plaintiff was entitled to the 120-day extension under CPLR former 306-b (b) and that the second action was timely commenced thereunder. The defendants appeal, contending, *inter alia*, that the plaintiff was not entitled to the benefits of this statute. We agree with the defendants.

CPLR former 306-b (b) was intended to extend the Statute of Limitations for a plaintiff who timely started an action by properly filing a summons and complaint but then failed to timely serve one or more defendants. That statute also explicitly limited the application of its "savings provision" to instances in which the second action was based on the same occurrence as that alleged in the first action. It was not intended to apply when, as here, the new action was com-

menced, not by the filing of the same or an essentially similar complaint, but by the filing of an amended complaint which changes the alleged situs of the accident and the named defendants. Such amended pleadings state a different occurrence from that alleged in the first complaint. Therefore, in this instance, the plaintiff was not entitled to the benefit of the "savings provision" of CPLR former 306-b (b) (*see, Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467; *Maldonado v Mass Tr. Admin.*, 91 NY2d 467; *Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771; *cf., Zaleski v Mlynarkiewicz*, 255 AD2d 379; *Metropolis Seaport Assocs. v South St. Seaport Corp.*, 253 AD2d 663). Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.