■ RICHARD J. WERNER et al., Appellants, v MARY E. JOYCE et al., Respondents, et al., Defendant. [697 NYS2d 728] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 17, 1998 in Columbia County, which, *inter alia*, granted motions by various defendants to dismiss the complaint as time barred.

In November 1996, after dismissal of defendant Mary E. Joyce's suit against plaintiffs to recover a share of real estate brokerage fees (hereinafter the underlying suit), plaintiffs attempted to commence an action against Joyce, the law firm that represented her in the underlying suit, and defendants James Towne, Michael Rhodes-Devey, Linda M. Auger and John F. Kershko, attorneys employed at the firm during its representation of Joyce. Plaintiffs asserted various causes of action, including negligence, malicious prosecution, abuse of process, prima facie tort, intentional infliction of emotional distress and conspiracy to commit intentional tort. On March 6, 1997, the service and filing requirements of CPLR former 306-b (a)* not having been complied with, that action was deemed dismissed. After plaintiffs commenced a second action in October 1997, the law firm, Rhodes-Devey, Joyce and Kershko (hereinafter collectively referred as defendants) moved separately to dismiss plaintiffs' complaint. Supreme Court granted the motions, finding the second through sixth causes

---

* CPLR former 306-b (a) provides: "Proof of service of the summons and complaint * * * shall be filed with the clerk of the court within [120 days] after the date of filing of the summons and complaint * * *. If proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action * * * shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs."

of action, as well as a portion of the first, barred by the Statute of Limitations. The remainder of plaintiffs' first cause of action was also dismissed, for it did not assert a legally cognizable claim. This appeal followed.

The gravamen of plaintiffs' appeal is that the merits of this case should be reached in the interest of justice because the running of the Statute of Limitations, resulting from noncompliance with the proof of service filing requirements, was due to law office failure. This contention lacks merit. Because plaintiffs did not file any proofs of service and as no defendant appeared within the 120-day period, the first action by express statutory direction was automatically "deemed dismissed" (CPLR former 306-b [a]; *Matter of Barsalow v City of Troy*, 208 AD2d 1144, 1145-1146). Further, plaintiffs did not avail themselves of the "savings provisions" as they neglected to file the action again within either 120 days (*see*, CPLR former 306-b [b]) or six months (*see*, CPLR 205 [a]; *Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160, 168; *but see*, *Matter of Rochester Community Sav. Bank v Board of Assessors*, 248 AD2d 949, *lv denied* 92 NY2d 811).

Moreover, plaintiffs' causes of action for intentional torts (malicious prosecution, abuse of process, etc.) stem from defendants' representation of Joyce in the underlying suit. These causes accrued on November 6, 1995, when Joyce withdrew her appeal from the order dismissing that suit. Plaintiffs' second action was not commenced, however, until October 1997, well beyond the one-year Statute of Limitations for intentional torts (*see*, *Pravda v County of Saratoga*, 224 AD2d 764, 767, *lv denied* 88 NY2d 809). Accordingly, because plaintiffs failed to "save" the action and did not commence the second action within the applicable limitations period, its merits cannot be reached (*see*, *Maldanado v Maryland Rail Commuter Serv. Admin.*, 239 AD2d 740, 741, *affd* 90 NY2d 810).

Lastly, insofar as the first cause of action also purports to assert a claim sounding in negligence and legal malpractice against the attorneys for commencing the underlying suit against plaintiffs, it suffices to note "New York law does not recognize any liability on the part of an attorney to a non-client third party" (*Mills v Dulin*, 192 AD2d 1001, 1003; *see*, *Michalic v Klat*, 128 AD2d 505, 506).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.