■ ERIC JEAN-GILLES, Appellant, v G & F BUS COMPANY, INC., Also Known as G & F BUS CO., Respondent, et al., Defen-

dant. [704 NYS2d 127] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated September 14, 1998, as denied that branch of his motion which was to dismiss the affirmative defense of the Statute of Limitations asserted by the defendant G & F Bus Company, Inc., a/k/a G & F Bus Co., and granted that branch of the cross motion of the defendants which was to dismiss the complaint insofar as asserted against the defendant G & F Bus Company, Inc., a/k/a G & F Bus Co., as time-barred.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the motion which was to dismiss the affirmative defense of the Statute of Limitations is granted, that branch of the cross motion which was to dismiss the complaint insofar as asserted against G & F Bus Company, Inc., a/k/a G & F Bus Co., is denied, and the complaint is reinstated insofar as asserted against that defendant.

In 1998, the plaintiff commenced this action against, among others, the defendant G & F Bus Company, Inc., a/k/a G & F Bus Co. (hereinafter G & F) to recover damages for personal injuries allegedly arising out of an accident that occurred in 1993. In its answer, G & F asserted the affirmative defense that the Statute of Limitations had expired. The plaintiff moved, *inter alia*, to dismiss that defense, arguing that the action was timely commenced pursuant to the savings provision of CPLR former 306-b (b). The plaintiff asserted that this action was commenced within 120 days of the dismissal of a prior, timely action against G & F, which was dismissed for failure to effect proper service. The defendants cross-moved, *inter alia*, to dismiss the complaint as time-barred insofar as asserted against G & F. Relying on *Maldonado v Maryland Rail Commuter Serv. Admin.* (91 NY2d 467), G & F argued that CPLR 306-b (b) was inapplicable to this case. The Supreme Court denied that branch of the plaintiff's motion which was to dismiss the affirmative defense of the Statute of Limitations and granted that branch of the cross motion which was to dismiss the complaint as time-barred insofar as asserted against G & F. We reverse.

Contrary to G & F's assertions, CPLR former 306-b (b) applies where, as here, the predicate action is dismissed for failure to effect proper service upon the defendant (*see, Zaleski v Mlynarkiewicz,* 255 AD2d 379). *Maldonado v Maryland Rail Commuter Serv. Admin.* (91 NY2d 467, *supra*), relied upon by G & F, concerned the naming of a nonexistent defendant in the caption of the predicate action and is distinguishable (*see,*

*Zaleski v Mlynarkiewicz, supra*). Finally, because CPLR former 306-b (b) was still in effect at the time the predicate action was commenced, the plaintiff is entitled to its benefits (*see, Bloomer v Altman,* 264 AD2d 795). Ritter, J. P., Altman and Krausman, JJ., concur.

Goldstein, J., concurs in the result only, on constraint of *Zaleski v Mlynarkiewicz* (255 AD2d 379).