■ ENID KASSOVER, Appellant, v DAVID SHAPIRO, Defendant and RICHARD LINCHITZ et al., Respondents. [719 NYS2d 98] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated July 19, 1999, which granted the motion of the defendants Richard Linchitz and Pain Alleviation Center pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them, and denied her cross motion, *inter alia,* pursuant to CPLR 306-b for an extension of time in which to serve the summons and complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly suffered injuries as a result of medical malpractice committed by the defendants. On February 26, 1998, just days before the expiration of the applicable 2½ year Statute of Limitations (*see,* CPLR 214-a), the plaintiff commenced an action against the defendants by purchasing an index number and filing a summons and complaint (hereinafter Action No. 1). It is undisputed that none of the defendants were ever served with the summons and complaint in Action No. 1. The plaintiff allegedly was unable to locate one of the defendants, David Shapiro; however, there is no explanation as to why the remaining defendants were not served.

On June 26, 1998, the plaintiff commenced the instant, identical, action against the same defendants by purchasing an index number and filing a summons and complaint (hereinafter Action No. 2). Thereafter, on October 23, 1998, the

defendants Richard Linchitz and Pain Alleviation Center (hereinafter collectively the respondents) were served with a summons and complaint in Action No. 2. Shapiro was not served in either action. The summons and complaint in Action No. 2 included a certificate of merit prepared by the plaintiff's counsel in which he asserted that due to the imminent expiration of the applicable Statute of Limitations, he had been unable to obtain a consultation with a licensed physician to ascertain the merit of the plaintiff's claims as required by CPLR 3012-a. He maintained, however, that a proper attestation from a physician would be obtained and an amended certificate of merit would be filed within 90 days. No amended certificate was filed.

On November 11, 1998, counsel for the respondents purchased a request for judicial intervention and moved to dismiss Action No. 2 as time-barred. At the request of the plaintiff's counsel, the motion was adjourned several times, and in January 1999 the respondents' counsel declined a request by the plaintiff's counsel to withdraw the motion. Finally, on March 29, 1999, the plaintiff served papers in opposition to the respondents' motion and cross-moved, *inter alia*, for an extension of time pursuant to CPLR 306-b. In the order appealed from, the Supreme Court granted the respondents' motion and denied the plaintiff's cross motion. We affirm.

Contrary to the plaintiff's contention, her claims sound in medical malpractice, and therefore were governed by the 2½ year Statute of Limitations contained in CPLR 214-a (*see, Weiner v Lenox Hill Hosp.,* 88 NY2d 784; *Scott v Uljanov,* 74 NY2d 673). Accordingly, Action No. 2 was time-barred.

Under the circumstances of this case, we find no basis for granting the plaintiff an extension of time to serve the summons and complaint in Action No. 1 pursuant to CPLR 306-b. The plaintiff did not demonstrate either the existence of good cause, or that the interest of justice would be served by permitting late service of the summons and complaint in Action No. 1 (*see, Leader v Maroney, Ponzini & Spencer,* 276 AD2d 194; *Jean-Gilles v G & F Bus Co.,* 270 AD2d 229).

Accordingly, the Supreme Court properly granted the respondents' motion and denied the plaintiff's cross motion. Bracken, Acting P. J., Ritter, Friedmann and Florio, JJ., concur.