■ ANGELO A. WIDEMAN et al., as Coadministrators of the Estates of CHOY WIDEMAN and Another, Deceased, Appellants, v BARBEL TRUCKING, INC., Also Known as BARBELL TRUCKING, INC., Respondent. [752 NYS2d 640] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered October 19, 2001, which denied plaintiffs' motion for an extension of time to serve the summons and complaint and granted defendant's cross motion to renew and reargue an order of the same court and Justice entered on or about March 30, 2001, and thereupon dismissed the complaint for lack of personal jurisdiction, unanimously reversed, on the law, without costs, plaintiffs' motion granted, defendant's cross motion denied, the complaint reinstated and the matter remanded for further proceedings.

In this personal injury and wrongful death action arising from a fatal tractor-trailer accident that occurred on November 6, 1998 in Pennsylvania, it is now conceded that the tractor in question was owned by Barbel Trucking, Inc., a New Jersey corporation, and insured by Atlantic Risk Insurers. Because the name of the vehicle's owner was given as "Barbell Trucking" in the police accident report, a subsequent corporate search by plaintiffs' counsel found a New York corporation Barbell Trucking, Inc., which had been dissolved in 1993, and a New Jersey corporation Barbel Trucking, Inc., which was incorporated in 1994. Thereafter, acting on the incorrect assumption that the New York corporation had moved to New Jersey and that the corporations were one and the same, plaintiffs' counsel timely filed a summons and complaint on August 31, 2000 and effected service on both entities pursuant to Business Corporation Law § 306, which governs service of process on a domestic corporation or a foreign corporation authorized to do business in the state, by serving the Secretary of State and mailing process to both the New York and New Jersey addresses. Defendant acknowledged receipt of process at its New Jersey office and forwarded it to its insurer. Concededly that service was invalid and the only question is whether plaintiffs' time within which to serve the summons and verified complaint should be extended pursuant to CPLR 306-b.

In denying plaintiffs' motion for such an extension, the motion court found that the original summons and complaint filed on August 31, 2000, not only was improperly served, but named the wrong party. Thus, relying upon *Maldonado v Maryland Rail Commuter Serv. Admin.* (239 AD2d 740, *affd* 91 NY2d 467), it held that without valid jurisdiction over defendant, it

could not grant an extension of time, in effect saying that it lacked the discretionary power afforded by CPLR 306-b to serve, and stated that it was constrained to deny plaintiffs' motion. However, the record reflects that the original summons and verified complaint named as defendant "Barbel Trucking, Inc. a/k/a Barbell Trucking." Thus, the motion court should have exercised its discretion and granted plaintiffs' motion. Even if the court correctly found that plaintiffs' counsel failed to exercise diligence in his efforts to serve defendant, the standard to be applied pursuant to section 306-b is "upon good cause shown or in the interest of justice." As the Court of Appeals noted in *Leader v Maroney, Ponzini & Spencer* (97 NY2d 95, 104), the Legislature gave the courts two separate standards by which to measure an application for an extension of time to serve. Diligence is simply one of many relevant factors as "interest of justice" is intended to be an *"additional and broader standard"* to accommodate late service that might be due to mistake, confusion or oversight (*id.* at 104-105). Applying this separate standard to the facts of this case, plaintiffs' motion should have been granted. Concur—Tom, J.P., Andrias, Saxe, Rubin and·Friedman, JJ.