■ DAWN JASIEL et al., Respondents, v SISTERS OF CHARITY HEALTH CARE CORPORATION, Doing Business as ST. VINCENT'S MEDICAL CENTER OF RICHMOND, et al., Respondents, and STATEN ISLAND MEDICAL GROUP—HIP et al., Appellants. [755 NYS2d 399] —In an action to recover damages for medical malpractice, etc., the defendants Staten Island Medical Group—HIP, Diane Lucks, Diana Juliano, Eduardo Bernales, Venderando Valencia, and Chitra Perera appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated January 18, 2002, as denied that branch of their motion which was for summary judgment dismissing the causes of action asserted by the plaintiff Dawn Jasiel and all related cross claims insofar as asserted against them, as barred by the statute of limitations.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the causes of action asserted by the plaintiff Dawn Jasiel and all related cross claims insofar as asserted against the defendants Diana Juliano, Eduardo Bernales, and Venderando Valencia, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced an action to recover damages for medical malpractice by the filing of a summons with notice on January 24, 1997. They made no attempt to serve the appellants within 120 days after commencement of the action, which

was then automatically deemed dismissed pursuant to CPLR former 306-b (a). Within 120 days after the automatic dismissal of the first action, the plaintiffs commenced this action by filing a second summons with notice on September 4, 1997. The appellants were served shortly thereafter.

The appellants moved for summary judgment dismissing the causes of action asserted by the plaintiff Dawn Jasiel and all related cross claims as barred by the statute of limitations. They contended that the dates of last treatment by each of them occurred more than 2½ years before the commencement of the action on September 4, 1997. The plaintiffs contended that the prior action was timely commenced against all of the appellants on January 24, 1997, and that they were permitted by CPLR former 306-b (b) to commence a new action and serve the appellants within the second 120-day period despite the expiration of the statute of limitations as to Dawn Jasiel's causes of action in the interim. The Supreme Court concluded that the plaintiffs had an additional 120 days to commence a new action and denied the appellants' motion. We agree that the plaintiffs were entitled to the benefit of the 120-day savings provision of CPLR former 306-b (b) as to certain of the appellants, but modify because Dawn Jasiel's causes of action insofar as asserted against the appellants Diana Juliano, Eduardo Bernales, and Venderando Valencia were time-barred when the prior action was commenced on January 24, 1997.

At the time the prior action and this action were commenced, CPLR 306-b (b) provided, in relevant part: "If an action dismissed for failure to file proof of service * * * or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period."

Contrary to the appellants' contention, the additional 120-day period was available to the plaintiffs despite the fact that they did not attempt to serve the appellants within the first 120-day period (*see Leader v Maroney, Ponzini & Spencer*, 276 AD2d 194, 200, *affd* 97 NY2d 95, 106; *see also Zaleski v Mlynarkiewicz*, 255 AD2d 379 [declining to accept position of dissent that "failure to effect proper service" does not mean failure to serve at all]). The "failure to effect proper service" includes a failure to serve. To hold otherwise would result in the anomalous situation where the savings provision of the for-

mer statute would be available when a defendant, for example, was served at the wrong address and received no notice of the action within the first 120-day period (see *Zaleski v Mlynarkiewicz, supra*), the functional equivalent of no service, yet would be unavailable when a defendant was simply not served within the initial 120-day period.

Here, the plaintiffs named the proper defendants when they filed their first summons with notice (compare *Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467), but failed to effect proper service within 120 days thereafter (see CPLR former 306-b). Consequently, they were entitled to a second 120-day period in which to commence a new action, but only as to those defendants against whom the first action was timely commenced (see CPLR former 306-b [b]). Dawn Jasiel was last treated by Juliano, Bernales, and Valencia more than 2½ years prior to January 24, 1997. Therefore, her causes of action and the related cross claims insofar as asserted against them are time-barred (see CPLR 214-a). Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.