■ SAMUEL N. GOLDSTEIN, Respondent, v COLUMBIA PRESBYTE-RIAN MEDICAL CENTER et al., Defendants, and WENDY B. SILVERSTEIN, M.D., Appellant. [767 NYS2d 213]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about June 4, 2002, which, upon the grant of reargument or renewal, denied defendant-appellant's motion to dismiss the action against her on statute of limitations grounds, and adhered to a prior order (same court and Justice) entered May 17, 2001, allowing plaintiff an extension of time to effect service on defendant-appellant, affirmed, without costs.

In this medical malpractice action to recover for personal injuries and wrongful death, the IAS court properly exercised its discretion in granting, in the interest of justice, plaintiff's motion pursuant to CPLR 306-b for an extension of time to effectuate service. The motion court considered all relevant factors in concluding that an extension of time was justified (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]; *see also Wideman v Barbel Trucking*, 300 AD2d 184, 185 [2002]). Appellant failed to show any prejudice, particularly in light of evidence in the record that she had actual notice of the action. Based on the totality of the circumstances, we conclude that plaintiff's delay in requesting an extension under CPLR 306-b was excusable (*see Leader*, 97 NY2d at 106). Concur—Nardelli, J.P., Andrias and Rosenberger, JJ.

Sullivan, J., concurs in a separate memorandum: As troubling as is the fact that the statute of limitations on the wrongful death claim expired more than eight months before defendant Silverstein was properly served, under the circumstances of this case, the court properly exercised its discretion in granting the motion to extend the time for service. I concur separately to emphasize that, where such an extension is sought, we are required to undertake "a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]), lest the amendment to CPLR 306-b be construed as a license to extend the statute of limita-

tions ad infinitum. Such an analysis was undertaken here. Particularly compelling is that, in response to plaintiff's attempt at timely service, the hospital notified plaintiff's attorney that it could not accept service as to attending physicians, but it did so in the context of rejecting service on another defendant and did not expressly reject service as to Dr. Silverstein.