■ JESUS SANCHEZ, Appellant, v FELIX GARDEN, Respondent. [775 NYS2d 39]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered March 24, 2003, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, defendant's motion denied and the complaint reinstated.

On June 18, 1994, Jesus Sanchez, born September 12, 1979, was injured when he allegedly tripped on a worn and ripped carpet in a building owned by defendant in the Bronx. On April 25, 1997, plaintiff commenced this action by filing the summons and complaint. Based on "nail and mail" service, a default judgment was granted as to liability on May 27, 1998 and judgment was entered in favor of plaintiff against defendant in the sum of $300,000 on June 27, 2000.

By order dated October 15, 2001, the default judgment was vacated for lack of personal jurisdiction. However, the court did not dismiss the action and granted plaintiff 120 days to serve defendant. Neither party appealed this determination.

In accordance with this order, the summons and complaint were forwarded to the office of the Sheriff of Volusia County, Florida, for service upon defendant at 3709 Pamona Street, Deltona, Florida, the address defendant used in his motion to vacate the default. The Sheriff returned an affidavit of service stating that defendant was personally served at that address on December 6, 2001, which was within the 120-day extension period.

Thereafter, plaintiff's counsel received correspondence from defendant's family stating that the Sheriff had served defendant's brother, not defendant, and that defendant did not reside at 3709 Pamona Street at the time of the alleged service. However, a postal search obtained by plaintiff's counsel indicated that as of December 27, 2001, defendant still resided at that address. Nonetheless, on January 10, 2002, within the 120-day extension period, plaintiff moved by order to show cause returnable February 1, 2002 for an order pursuant to CPLR 308 (5) permitting service on defendant in a manner provided by the court and pursuant to CPLR 306-b for an extension of time to serve defendant. This motion was denied when plaintiff's counsel failed to appear on the return date due to law office failure.

By notice of motion dated May 28, 2002, returnable July 9,

2002, plaintiff moved for a default judgment, based on the Sheriff's alleged personal service of the summons and complaint on defendant on December 6, 2001, or, in the alternative, for an order allowing an alternate method of service under CPLR 308 (5) and extending plaintiff's time to serve pursuant to CPLR 306-b. Although plaintiff served a copy of this motion on the counsel that appeared for defendant on the motion to vacate the default, counsel rejected the papers. By order dated August 15, 2002, the court granted plaintiff's motion to the extent of extending the time to serve defendant for a period of 130 days. Again, this order was not appealed by defendant.

On October 17, 2002, well within the 130-day extension, defendant was personally served. In November 2002, defendant timely moved to dismiss the complaint, arguing that the court lacked subject matter and personal jurisdiction and that the action was time-barred. Plaintiff countered that the October 15, 2001 and August 15, 2002 orders granting plaintiff extensions to serve the complaint were the law of the case. The motion court granted defendant's motion. We now reverse.

There is no merit to defendant's contention that the court below did not have subject matter jurisdiction to issue the October 15, 2001 extension because the matter was dismissed by operation of law as of August 25, 1997 under CPLR former 306-b by virtue of plaintiff's failure to effect service on defendant within 120 days of the filing of the summons and complaint. The timely filing by plaintiff of proof of service upon defendant satisfied the requirements of CPLR former 306-b (a), regardless of the fact that service was later determined to have been ineffective (*see Marion v City of New York*, 270 AD2d 53 [2000]; *Zaleski v Mlynarkiewicz*, 255 AD2d 379 [1998]). Thus, the automatic dismissal provision of CPLR former 306-b (a) was inapplicable. Moreover, the court's extension was consistent with the savings provision of CPLR former 306-b which afforded plaintiff an additional 120 days to recommence an action, notwithstanding the expiration of the statute of limitations (*see Rybka v New York City Health & Hosps. Corp.*, 263 AD2d 403 [1999]).

Plaintiff diligently attempted to serve defendant within this 120-day extension period. Indeed, plaintiff received proof of service from the Sheriff stating that defendant had been timely served. When defendant's family, not defendant, asserted in unsworn correspondence that defendant had not been served, plaintiff timely moved to extend his time to serve because defendant appeared to be avoiding service. In the August 15, 2002 order, Supreme Court implicitly found the law office failure

leading to the dismissal of plaintiff's motion dated January 10, 2002 excusable and granted plaintiff a 130-day extension to serve defendant. Having failed to take an appeal from the ruling, defendant may not now seek to overturn it, and personal jurisdiction over defendant was obtained when he was personally served with process within the 130-day extension period.

We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.