■ DOLORES SHIVERS, Appellant, v INTERNATIONAL SERVICE SYSTEMS et al., Respondents. [633 NYS2d 126] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered December 21, 1994, which granted defendants' motion to dismiss the complaint for lack of jurisdiction due to improper joinder and as barred by the Statute of Limitations, unanimously affirmed, without costs.

On August 16, 1993, plaintiff commenced a personal injury action against Golden Mark, Inc., by filing a summons and complaint with the Bronx County Clerk's office. Upon being advised that she had sued the wrong party, plaintiff purported to join defendants as parties by serving them, some three weeks prior to the expiration of the Statute of Limitations, with a summons and complaint that bore the index number assigned to the first action but deleted Golden Mark, Inc., the original defendant named therein. Such summons and complaint was never filed with the Bronx County Clerk. Not quite a month later, after the limitations period had run, defendants served their answer containing the affirmative defenses of lack of jurisdiction and the Statute of Limitations, and three months later moved to dismiss the action on both grounds.

The complaint was properly dismissed inasmuch as plaintiff's failure to obtain leave of the court to add defendants as parties rendered the service made upon them a nullity (*Crook v du Pont de Nemours Co.*, 181 AD2d 1039, *affd* 81 NY2d 807). Moreover, effective July 1, 1992, New York has changed the method for commencing actions to a "commencement by filing" system. Therefore, service of process on the defendant no longer marks interposition of a claim for Statute of Limitations purposes (*Matter of Spodek v New York State Commr. of Taxation & Fin.*, 85 NY2d 760, 763). Thus, the complaint was properly dismissed on the merits inasmuch as suit being commenced by filing, not service (CPLR 304), plaintiff's claim had never been

interposed (CPLR 203 [c]) and the Statute of Limitations had run. There is no merit to plaintiff's argument that she was prejudiced by defendants having waited three months to move on the defenses in their answer, inasmuch as the action was time-barred even before defendants served their answer (*cf.*, *Santopolo v Turner Constr. Co.*, 181 AD2d 429).

The attention of the Bar is called to the fact that *commencement* of an action now requires filing not service. Concur— Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.