■ CECIL LOUDEN et al., Respondents, v ROCKEFELLER CENTER NORTH, INC., Appellant. [670 NYS2d 850] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about January 9, 1997, denying defendant's cross-motion to dismiss the complaint for lack of personal jurisdiction and granting plaintiffs' motion to amend the summons and complaint nunc pro tunc to correct the defendant's name in the caption, unanimously reversed, on the law, without costs, the cross-motion granted, the motion denied, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff Cecil Louden was allegedly injured when he tripped and fell in a building located at 1271 Avenue of the Americas. On February 8, 1996, plaintiffs purchased a New York County index number and filed a summons and complaint naming the corporation Fiftieth Street and Sixth Avenue, Inc. as defendant. Plaintiffs mistakenly believed that Fiftieth Street was the building owner, which had not been the case for 40 years.

On February 26, 1996, after an unsuccessful attempt to serve the complaint, plaintiffs discovered that the Fiftieth Street corporation no longer existed, and that defendant Rockefeller Center North, Inc. was the true owner. Without obtaining judicial permission, and without paying a new filing fee and purchasing a new index number, plaintiffs amended their complaint to replace Fiftieth Street with Rockefeller as sole defendant on March 6, 1996. The amended summons and complaint bore the index number from the original February 8 papers.

In addition, though the amended documents were actually filed on March 6, plaintiffs endorsed them with an erroneous filed date of March 7, 1996. As CPLR 306-b provides that an action is deemed dismissed unless proof of service is filed within 120 days from the date of filing the summons and complaint, plaintiffs unilaterally attempted to extend the time for service by putting the wrong date on the papers.

On March 19, 1996, plaintiffs purported to serve defendant with the amended summons and complaint by filing a copy of these papers with the Secretary of State. Plaintiffs filed their affidavit of service on March 26, 1996, still under the original index number. Defendant had never been served with the orig-

inal summons, which would have given it notice of the February 8 filing date.

On April 25, 1996, after defendant sued plaintiffs and their attorneys in Queens for alleged abuse of process, plaintiffs moved to amend the caption nunc pro tunc. Defendant cross-moved on July 23, 1996 to dismiss the action for lack of personal jurisdiction. Specifically, defendant pointed to plaintiffs' failure to serve the February 8 summons and complaint, failure to obtain judicial permission to file the amended papers, failure to pay a new filing fee and misrepresentation of the true filing date. The IAS Court granted plaintiffs' motion and denied defendant's cross-motion. We find that this ruling was erroneous and that the action should have been dismissed.

Under the "commencement by filing" system set forth in CPLR 306-b, in actions commenced after January 1, 1993,* after plaintiff has purchased an index number and filed the summons with the court, the action remains inchoate until the filed papers are served on defendant and proof of service is filed with the court. Failure to take these steps within 120 days from the filing of the summons means that the action will be deemed dismissed (*Matter of Gershel v Porr*, 89 NY2d 327, 331).

The papers served on defendant must conform in all material respects to the papers that were filed when the index number was purchased (*supra,* at 332). In *Shivers v International Serv. Sys.* (220 AD2d 357), we dismissed an action for lack of personal jurisdiction, based on facts virtually identical to those herein. Plaintiff had filed a summons and complaint naming the wrong entity as defendant. Upon discovering her mistake, she served the present defendants with a summons and complaint that bore the original index number but substituted the present defendants for the original one, without having filed the unilaterally amended papers or paid a new filing fee. The Court of Appeals in *Gershel* (*supra,* at 331-332), discussing a similar fact pattern, rejected the argument that "because the statutory period to file proof of service had not yet expired, [plaintiff] was justified in re-serving the petition without recommencing".

The motion court had no jurisdiction to issue its January 9, 1997 order amending the caption nunc pro tunc, because there was no action pending in which jurisdiction over defendant

---

* This statute has since been amended to eliminate the "deemed dismissed" feature. However, since the effective date of that amendment is January 1, 1998, this case is governed by the old statute that was in force in 1996 when the disputed filing took place.

had been properly obtained: the original action commenced on February 8 had been deemed dismissed as of June 8, 1996 because those papers were never served, while the amended papers filed on March 6 were a nullity because plaintiffs did not purchase a new index number. The action should therefore have been dismissed. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.