■ ANIBAL PEREIRA, Respondent, v OLIVER'S RESTAURANT, INC., Doing Business as OLIVER'S, Defendant, PAUL G. HRITZ, Appellant. OLLIVER'S RESTAURANT CORPORATION, Nonparty Appellant. [687 NYS2d 704] —In an action to recover damages for personal injuries, Paul G. Hritz and Olliver's Restaurant Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), dated April 10, 1998, as denied that branch of their cross motion which was to dismiss the complaint insofar as asserted against Olliver's Restaurant Corporation pursuant to CPLR 3211 (8) for lack of personal jurisdiction.

Ordered that the appeal by the defendant Paul G. Hritz from so much of the order as denied that branch of the cross motion which was to dismiss the complaint against Olliver's Restaurant Corporation is dismissed, as the defendant Hritz is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with costs, that branch of the cross motion which was to dismiss the complaint insofar as asserted against Olliver's Restaurant Corporation for lack of personal jurisdiction is granted, the complaint is dismissed as to the corporate defendant, and the action against the remaining defendant is severed.

On March 12, 1994, the plaintiff was allegedly injured in a restaurant located in White Plains, New York. The restaurant was maintained by a corporate entity known as Olliver's Restaurant Corporation (hereinafter the appellant). The plaintiff commenced an action to recover damages for his injuries, and attempted to obtain personal jurisdiction over the appellant by service on the Secretary of State (*see,* Business Corporation Law § 306 [b]). The caption on the summons and on the body of the complaint which were delivered to the Sec-

retary of State (*see,* Business Corporation Law § 306 [b]) misspelled and misstated the name of the intended corporate defendant, i.e., the corporate defendant named in the caption was Oliver's Restaurant, Inc.

In support of that branch of their cross motion which was to to dismiss the complaint insofar as asserted against the appellant, the appellant's attorney affirmed that his investigators had checked the records of the Secretary of State and discovered the existence of two separate corporate entities, the appellant, Olliver's Restaurant Corporation, and Oliver's Restaurant, Inc. Since the Secretary of State was obligated to "promptly send" process to "the post office address [of the corporation] on file in the department of state" (Business Corporation Law § 306 [b]), the appellant's attorney correctly argued that Oliver's Restaurant, Inc., had presumably received notice of the action, but that the intended defendant, the appellant, Olliver's Restaurant Corporation, had received no notice at all.

In opposition, the plaintiff's counsel merely alleged that he had been advised by his process server "that the Department of State would not allow the filing of two (2) different entities with the same name or similar name".

Under these circumstances, the plaintiff did not obtain personal jurisdiction over the appellant Olliver's Restaurant Corporation (*cf., John Deere Co. v Pahl Constr. Co.,* 34 AD2d 85). Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.