■ Martin Ross, Respondent, v Lan Chile Airlines et al., Defendants, and Hudson General, Inc., Appellant. [789 NYS2d 77]—

In an action to recover damages for personal injuries, the defendant Hudson General, Inc., appeals from an order of the Supreme Court, Queens County (Glover, J.), dated February 3, 2004, which denied its motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (8) insofar as asserted against

it, and granted the plaintiff's cross motion for leave to amend the summons and complaint to correct the caption by substituting the name "Hudson General, LLC" for the defendant Hudson General, Inc., and for an extension of time to serve the amended summons and complaint upon the defendant Hudson General, LLC, pursuant to CPLR 306-b.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed insofar as asserted against the defendant Hudson General, Inc.

On August 22, 2000, the plaintiff allegedly sustained personal injuries while attempting to make a delivery to an aircraft owned by the defendant Lan Chile Airlines (hereinafter Lan Chile). The defendant Aviation Safeguards, Inc. (hereinafter Aviation Safeguards), allegedly provided security, and an entity called Hudson General, LLC, allegedly provided maintenance services for Lan Chile at the location of the accident.

On March 21, 2003, the plaintiff commenced this action against Lan Chile, Aviation Safeguards, and a nonexistent entity called "Hudson General, Inc." The plaintiff purported to serve "Hudson General, Inc." by delivering copies of the papers to a Lan Chile representative at the latter's business office. Lan Chile forwarded a copy of the complaint to Hudson General, LLC. It is undisputed that the plaintiff made no attempt to serve process upon Hudson General, LLC.

In October 2003 Hudson General, Inc., moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (8) insofar as asserted against it. It is undisputed that the applicable statute of limitations had expired. The plaintiff cross-moved for leave to amend the summons and complaint to correct the caption by substituting the name "Hudson General, LLC" for the defendant Hudson General, Inc., and for an extension of time to serve the amended summons and complaint upon the defendant Hudson General, LLC, pursuant to CPLR 306-b. The Supreme Court denied the motion and granted the cross motion. We reverse.

It is undisputed that the plaintiff incorrectly named Hudson General, Inc., as a defendant in the summons and complaint he filed, and failed to serve Hudson General, LLC, within the applicable statute of limitations. The misnaming of the Hudson General entity was in fact no naming at all (*see Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467, 472 [1998]). Since it is undisputed that the plaintiff failed to serve process upon Hudson General, LLC, within the statutory limitations period, the Supreme Court lacked personal jurisdiction

over Hudson General, LLC, and lacked the authority to grant leave to amend the summons and complaint (*see id.*). The fact that Hudson General, LLC, had notice of the action upon receipt of the papers from Lan Chile is of no moment, as "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (*Macchia v Russo,* 67 NY2d 592, 595 [1986]). Crane, J.P., Spolzino, Skelos and Lifson, JJ., concur.