OPINION OF THE COURT
Stanley L. Sklar, J.
*833 The principal issue presented by the instant motion is whether the failure to include certain paragraphs of the complaint in the copies served upon the moving defendants constitutes a jurisdictional defect requiring dismissal of the action. I hold that the failure, in this instance, is not a jurisdictional defect but a mere omission which does not prejudice the rights of the defendants and therefore is to be disregarded.
The instant motion incongruously seeks to dismiss the instant action as to defendants Harris, Nemesdy, Simonetta and Licata and also to dismiss a second action brought for the wrongful death of the plaintiff Charles Crawford. The first branch of the motion seeking to dismiss the instant action is denied.
This action was instituted in Kings County, where a traverse hearing was held before Judge Spodek who dismissed the action as to Allison Nicole Edwards-Best, RN, granted leave to serve her again, and transferred the action to New York County. The movants bring on the instant motion, by way of renewal, since their motion to dismiss had not been decided in Kings County because of the transfer. Prior to the making of this application for renewal, plaintiff, after instituting a second action for wrongful death, moved before me for leave to amend the complaint in this action to set forth a cause of action for wrongful death. I granted that application by my decision of February 15, 2006.
The basis for the earlier motion to dismiss, and the instant renewal motion, is the claim that jurisdiction was not acquired over the movants because the complaints attached to the summons served on each of them were allegedly incomplete, namely, lacking paragraphs 1 through 4 and 14 through 25 when compared with the complaint filed with the summons to commence the action. Movants ground their claim of lack of jurisdiction upon three cases. However, those cases are inapposite. In Matter of Gershel v Porr (89 NY2d 327 [1996]), the Court of Appeals found jurisdiction lacking when a petitioner instituted a CPLR article 78 proceeding by filing an order to show cause and verified petition, withdrew the same and changed the papers to a notice of petition and petition and served those papers without securing a new index number. The Court stated that “the papers served must conform in all important respects to the papers filed” (89 NY2d at 332). In similar fashion, the plaintiff in Louden v Rockefeller Ctr. N. (249 AD2d 25 [1998]) filed a summons and complaint, discovered that he had not named the correct defendant, and simply changed the name of the defendant in the papers served on Rockefeller Center North, *834 Inc. Plaintiff did not secure judicial permission to do so, nor did plaintiff obtain a new index number. These failures were held to be jurisdictional. Finally, in Shivers v International Serv. Sys. (220 AD2d 357 [1995]), as in Louden (supra), a summons and complaint were filed, plaintiff discovered she had named the wrong defendant, so plaintiff, without judicial permission and without a new index number, deleted the original defendant’s name and substituted three others. Jurisdiction was lacking in all three of those cases because plaintiff had made a deliberate and substantial change between the papers served and the papers filed. No such deliberate change is present here. Rather, assuming that the allegations that some paragraphs of the complaint were missing in the copies served on the movants is correct, all we have is an omission, a mere irregularity, that is governed by CPLR 2001, which declares that “[a]t any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.” No substantial right of any movant has been prejudiced and accordingly it is to be disregarded when, as here, the defendants obtained copies of the complete complaint (defendants concede that a copy of the complete complaint was served on Dr. Hoffman, who is represented by the same counsel as the moving defendants) and were able to and did serve full answers, only asserting in the answer of defendant Simonetta that paragraphs of the complaint were missing in the copy served on her.
The point may also be made by reference to CPLR 305 (b), which states that:
“If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default.”
Examination of the complaint reveals that, even omitting the paragraphs allegedly not contained in the copies served, the complaint is clearly adequate to state the nature of the action and the relief sought. Since this is an action for medical malpractice, the “notice” need not set forth the sum of money for which judgment may be taken in the event of a default. Again, unlike the cases relied upon by defendants, there is no change between the papers filed and those served, but only an omis *835 sion. If the complaint were regarded as a notice, defendants could then have done what common sense required, namely, demand a copy of the complete complaint. The full complaint was sent to defense counsel. Maitland’s dictum that the forms of action are dead but they rule us from their grave no longer means that a mistaken omission is necessarily fatal (Maitland, The Forms of Action at Common Law, lect i [1909]). No jurisdictional defect exists and the branch of the motion to dismiss this action is therefore denied.
The second branch of the motion seeks dismissal of the second action brought for wrongful death. The moving defendants simultaneously ask the court to dismiss this action as lacking jurisdiction and to dismiss a second action on the ground that the instant action is pending. As David D. Siegel said in his Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:16, at 31), with respect to an application of this double barreled nature, “[t]he defendant can’t have things both ways.” However, since I am denying the branch of the motion seeking the dismissal of this action, this action now includes a cause of action for wrongful death. The second action is therefore duplicative and is dismissed.