■ TERESA MERCEDES GOMEZ, Respondent, v CITY OF NEW YORK et al., Defendants, and EMPIRE CITY SUBWAY, INC., Appellant. [855 NYS2d 60]—

Although the filing of plaintiff's motion for leave to amend the complaint to name Empire as a defendant, along with the proposed amended pleadings, was sufficient to toll the statute of limitations, it was not itself the interposition of the claim within the meaning of CPLR 203 (a) (*see Perez v Paramount Communications*, 92 NY2d 749, 754-756 [1999]). Because plaintiff never served Empire after having received leave of the court to do so, the court never obtained personal jurisdiction over Empire, and thus, it was without power to grant relief nunc pro tunc (*see Louden v Rockefeller Ctr. N.*, 249 AD2d 25 [1998]), even in the absence of surprise or prejudice to Empire (*see Luis v New York City Hous. Auth.*, 309 AD2d 719 [2003]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ.