■ JACOLYN KINDER, Appellant, v BRIAN BRAUNIUS, Defendant, and JEFF BRAUNIUS, Respondent. [882 NYS2d 188]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated July 9, 2008, which, inter alia, granted those branches of the motion of the defendant Jeff Braunius which were pursuant to CPLR 306-b to dismiss the complaint, and pursuant to CPLR 3211 (a) (5) to dismiss the purported amended complaint as time-barred, and denied her cross motion, inter alia, to extend the time to serve the summons and complaint and for leave to amend the summons and complaint nunc pro tunc.

Ordered that the order is affirmed, with costs.

On April 4, 2004 the plaintiff allegedly sustained personal injuries when she fell through the floor of a barn owned by the defendant Jeff Braunius (hereinafter Jeff). In February 2007 the plaintiff commenced this action, naming Brian Braunius (hereinafter Brian), a nonexistent person, as the sole defendant. In mid-April 2007, after the statute of limitations had expired (see CPLR 214 [5]), the plaintiff filed what was denominated a supplemental summons and amended verified complaint naming Jeff as a defendant. On July 16, 2007 the defendants allegedly were served with both sets of pleadings by delivery to a person of suitable age and discretion pursuant to CPLR 308 (2). In August 2007 Jeff interposed a verified answer to the purported amended complaint where, inter alia, he asserted the affirmative defenses of lack of personal jurisdiction and that the action was time-barred. In April 2008 Jeff moved pursuant to CPLR 306-b to dismiss the complaint, and, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the purported amended complaint. The plaintiff cross-moved, inter alia, for an extension of time to serve the summons and complaint and for leave to amend the summons and complaint nunc pro tunc to substitute Jeff as the defendant instead of Brian. The Supreme Court granted those branches of Jeff's motion which were pursuant to CPLR 306-b to dismiss the complaint and pursuant to CPLR 3211 (a) (5) to dismiss the purported amended complaint as time-barred, and denied the plaintiff's cross motion. We affirm.

It is undisputed that the plaintiff incorrectly named Brian, a nonexistent person, as the defendant in the original summons and complaint, and that she failed to serve Jeff within the applicable three-year statute of limitations. Under such circumstances, the naming of a nonexistent person was, in fact, no naming at all (*see Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467, 472 [1998]; *Ross v Lan Chile Airlines*, 14 AD3d 602, 603 [2005]). The issue here was not improper service, but no service (*see Zaleski v Mlynarkiewicz*, 255 AD2d 379, 380 [1998]). Thus, the Supreme Court lacked personal jurisdiction over Jeff and lacked the authority to grant leave to amend the summons and complaint or to extend the plaintiff's time to serve pursuant to CPLR 306-b (*see Ross v Lan Chile Airlines*, 14 AD3d at 604). For the same reason, the Supreme Court was without authority to amend the complaint to correct a misnomer pursuant to CPLR 305 (c) (*see Smith v Garo Enters., Inc.*, 60 AD3d 751 [2009]; *Holster v Ross*, 45 AD3d 640, 642 [2007]).

Moreover, the Supreme Court properly determined that the action purportedly commenced by the supplemental summons and amended verified complaint was time-barred (*see* CPLR 214 [5]) and that the relation-back doctrine did not apply (*see* CPLR 203 [b]; *Hirsh v Perlmutter*, 53 AD3d 597, 599 [2008]).

The plaintiff's remaining contentions are without merit or have been rendered academic by our determination. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.