MINERVA HENRIQUEZ et al., Respondents, v INSERRA SUPERMARKETS, INC., Doing Business as SHOPRITE OF WEST HAVERSTRAW, et al., Defendants, and PARAGON MANAGEMENT GROUP, LLC, Appellant. [890 NYS2d 648]—

On December 7, 2004 the plaintiff Minerva Henriquez allegedly was injured when she slipped and fell in the parking lot of

a shopping center located in West Haverstraw. The shopping center was managed by an entity known as Paragon Management Group, LLC (hereinafter the appellant). On December 6, 2007, one day before the expiration of the applicable statute of limitations (*see* CPLR 214 [5]), the plaintiffs filed a summons and complaint in the Rockland County Clerk's office naming Paragon Management Group, Inc., as a defendant. The plaintiffs attempted to serve the appellant by delivering the summons and complaint, which misstated the name of the appellant, to the Secretary of State (*see* Business Corporation Law § 306 [b]).

In support of its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, the appellant's principal averred that the appellant had not received a copy of the summons and complaint, and its attorney argued that the defendant Paragon Management Group, Inc., a domestic corporation designating the Secretary of State as its agent for service of process, had presumably received the summons and complaint. Thereafter, the plaintiffs cross-moved, pursuant to CPLR 306-b, for leave to extend their time to serve a summons and complaint upon the appellant, conceding that the wrong corporate entity had been served. Since this action was not timely commenced against the appellant, the Supreme Court lacked the authority to extend the plaintiffs' time to serve the appellant pursuant to CPLR 306-b (*see Maldonado v Maryland Rail Commuter Serv. Admin.,* 91 NY2d 467, 470, 472 [1998]; *Kinder v Braunius,* 63 AD3d 885, 887 [2009]; *Ross v Lan Chile Airlines,* 14 AD3d 602, 603 [2005]). Furthermore, because the appellant was never served with process, the Supreme Court lacked personal jurisdiction over it (*see Kinder v Braunius,* 63 AD3d at 886; *Ross v Lan Chile Airlines,* 14 AD3d at 603-604; *Pereira v Oliver's Rest.,* 260 AD2d 358, 359 [1999]). Accordingly, the appellant's motion to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction should have been granted, the plaintiffs' cross motion for leave to extend the time to serve a summons and complaint upon the appellant should have been denied, and the caption should not have been deemed amended. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.