OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and tenant’s motion to dismiss the petition is granted.
In this commercial holdover proceeding, tenant, PJ. 37 Food Corp., moved to dismiss the petition on the grounds that the court had not obtained personal jurisdiction over it and that the *3 court lacked subject matter jurisdiction. Tenant also sought summary judgment dismissing the petition. Tenant argued, among other things, that the predicate notices had not been served in accordance with the lease terms, and the notice of petition and petition had been improperly served because landlord had failed to satisfy the requirements of CPLR 311. Landlord, George Doulaveris & Son, Inc., cross-moved for summary judgment and, in opposition to tenant’s motion, argued, among other things, that the notice of petition and petition had been properly served pursuant to the substituted service provisions of RPAPL 735 (1). By order dated July 27, 2011, the Civil Court denied tenant’s motion and landlord’s cross motion. Insofar as is relevant to this appeal, the court found that tenant’s defenses of defective service of the predicate notices and the notice of petition and petition had been waived because tenant had not sufficiently specified, in the answer, the grounds for its allegation of improper service, and that the fact that the predicate notices and notice of petition and petition had been mailed to “CTOWN,” not tenant, was an insignificant defect within the meaning of CPLR 2001. Tenant appeals from so much of the order as denied its motion.
Contrary to the determination of the Civil Court, tenant’s answer adequately preserved tenant’s defenses regarding service of the predicate notices and the notice of petition and petition in that the answer sufficiently provided the court and the parties with notice of the material elements of each defense (see Rich v Lefkovits, 56 NY2d 276, 280 [1982]).
When service of a petition and notice of petition is effectuated by substituted service upon a person of suitable age and discretion, jurisdiction attaches when there has been both a delivery of the papers and a mailing (Siedlecki v Doscher, 33 Misc 3d 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Siegel, NY Prac § 72 at 118 [5th ed 2011] [“Both the delivery and the mailing are required for jurisdiction”]). When a statute requires multiple acts to effectuate service (i.e., delivery to a person of suitable age and discretion and mailing), the omission of any required act renders the service defective (1626 Second Ave. LLC v Notte Rest. Corp., 21 Misc 3d 1143[A], 2008 NY Slip Op 52490[U] [Civ Ct, NY County 2008] [substituted service was not effectuated because the landlord had mailed the notice of petition and petition to the tenant at an incorrect address]). A tenant’s “actual receipt of the [petition and notice of petition] is not dispositive of the efficacy of service” (Ruffin v Lion Corp., *4 15 NY3d 578, 583 [2010]). Notice received by means other than those authorized by statute does not bring a tenant within the jurisdiction of the court (Macchia v Russo, 67 NY2d 592, 595 [1986]; see also Raschel v Rish, 69 NY2d 694, 697 [1986]; Ross v Lan Chile Airlines, 14 AD3d 602, 603 [2005]).
In order for the Civil Court to have obtained personal jurisdiction over tenant pursuant to the substituted service provisions of RPAPL 735 (1), landlord had to leave the notice of petition and petition “with a person of suitable age and discretion who resides or is employed at the property sought to be recovered,” and had to mail the notice of petition and petition “to the respondent” both by registered or certified mail, and regular mail. In the case at bar, the notice of petition and petition were delivered to a person of suitable age and discretion who was employed at the property sought to be recovered. Therefore, landlord satisfied the first prong of the substituted service requirements of RPAPL 735 (1). However, since landlord failed to mail a copy of the notice of petition and petition to tenant, because it addressed the mailing envelope to “CTOWN,” landlord did not satisfy the second prong of the substituted service requirements of RPAPL 735 (1) — that the notice of petition and petition be mailed “to the respondent.” Landlord, which bears the ultimate burden of establishing that the court has personal jurisdiction over tenant (see Frankel v Schilling, 149 AD 2d 657, 659 [1989]), provided no evidence that tenant and “CTOWN” are the same entity. Consequently, contrary to the determination of the Civil Court that this error was de minimis, we find that the defect, under the circumstances presented, was substantial (see Ruffin v Lion Corp., 15 NY3d at 583), rendering service defective. It is of no import that tenant may have actually received the notice of petition and petition (see Macchia v Russo, 67 NY2d at 595; Raschel v Rish, 69 NY2d at 697; Ross v Lan Chile Airlines, 14 AD3d at 603; see also Ruffin v Lion Corp., 15 NY3d at 583).
Accordingly, the order, insofar as appealed from, is reversed and tenant’s motion to dismiss the petition is granted. We pass on no other issue.
Pesce, PJ., Rios and Solomon, JJ., concur.