Benitez-Rivera v New York Botanical Garden, Inc. (2020 NY Slip Op 01722)





Benitez-Rivera v New York Botanical Garden, Inc.


2020 NY Slip Op 01722


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11276 21562/16E 24288/15E

[*1] Jose Benitez-Rivera, Plaintiff-Respondent,
v
The New York Botanical Garden, Inc., et al., Defendants, LCR-Webster Ave, LLC, Defendant-Appellant.


Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for appellant.
Law Office of Stephen B. Kaufman, P.C., Bronx (John V. Decolator of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about October 1, 2018, which denied defendant LCR-Webster Ave., LLC's motion to dismiss the complaint as against it, and dismissed as moot plaintiff's cross motion for leave to file an amended pleading nunc pro tunc, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment accordingly.
Defendant LCR-Webster established prima facie that no action was commenced against it before the applicable three-year statute of limitations had expired on March 6, 2016 (CPLR 214[5]; see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]). In or about October 2015, plaintiff named LCR-Webster as a defendant in an amended summons and complaint, but he did not file the amended summons and complaint until July 2016. Plaintiff's failure to file the amended summons and complaint by March 6, 2016 meant that the action was a nullity as to LCR-Webster (see Baptiste v "John Doe," 89 AD3d 436, 436-37 [1st Dept 2011], lv denied 18 NY3d 806 [2012]; Shivers v International Serv. Sys., 220 AD2d 357 [1st Dept 1995]). On March 8, 2016, plaintiff commenced a second action against LCR-Webster, but, as he eventually learned, the accident from which the suit arose actually occurred on March 6, 2013, and the second action was commenced two days after the statute of limitations had expired.
In opposition, plaintiff failed to raise an issue of fact as to the timeliness of the action, the tolling of the limitations period, or the applicability of a relevant exception (see MTGLQ Invs., 172 AD3d at 645; Wilson v Southampton Urgent Med. Care, P.C., 112 AD3d 499, 500 [1st Dept 2013]). Plaintiff's argument that his claims against LCR-Webster are preserved pursuant to the relation back doctrine is unavailing, as LCR-Webster is not "united in interest" with any other defendant named in the original complaint (see Buran v Coupal, 87 NY2d 173, 177 [1995]; see also Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp., 301 AD2d 362, 363 [1st Dept 2003). Plaintiff's argument that "John Doe" in the caption was a placeholder meant to describe LCR-Webster, whose identity was unknown to him when the 2015 action was commenced, is belied by his own moving papers, which show that he was aware of LCR-Webster's alleged involvement no later than October 2015, nearly six months before the statute of limitations expired (see Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 927 [2d Dept 2011]). Plaintiff failed to offer an explanation for the pre-commencement delay other than the incorrect statement that the filing of the amended summons and complaint was a "mere ministerial act" (see CPLR 304).
Plaintiff's request that his first amended complaint, dated October 30, 2015, be deemed [*2]filed nunc pro tunc pursuant to CPLR 3025(a) and 305(c) because LCR-Webster was "on notice" of the action in November 2015 is also unavailing. Even assuming arguendo that LCR-Webster was properly served, in these
circumstances, there is no basis for permitting plaintiff to avoid the statute of limitations bar.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK