**FC Collections Inc. v Royal Charter Props.**

2024 NY Slip Op 30341(U)

January 30, 2024

Supreme Court, New York County

Docket Number: Index No. 150940/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      __HON. ARLENE P. BLUTH__            PART                        14

*Justice*

------------------------------------------------------------------------------X

FC COLLECTIONS INC.,

                               Plaintiff,

                               - v -

ROYAL CHARTER PROPERTIES,

                               Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150940/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for                __INJUNCTION/RESTRAINING ORDER__    .

        The motion by Royal Charter Properties-East, Inc. ("Movant") to vacate the default judgment entered against defendant and to dismiss this case is granted.

**Background**

        Previously this Court awarded a default judgment to plaintiff arising out of purportedly unpaid fire alarm monitoring systems charges. Plaintiff then obtained a judgment against defendant Royal Charter Properties in the amount of $600,491.46 on August 17, 2023 (NYSCEF Doc. No. 20).

        Movant seeks to vacate this judgment and to dismiss the case on the ground that it was never served with the summons with notice. It points out that Royal Charter Properties is a fictitious entity and, for some reason, Movant's bank account was recently levied in connection with the judgment obtained by plaintiff. Mr. Joseph Ienuso explains in an affidavit that he is the president of Royal Charter Properties, Inc. and Royal Charter Properties-East, Inc., which are

**150940/2022   FC COLLECTIONS INC. vs. ROYAL CHARTER PROPERTIES**              **Page 1 of 5**
  **Motion No.  002**

1 of 5

[* 1]

organizations that support a hospital complex on the Upper East Side of Manhattan (NYSCEF Doc. No. 22). Movant argues that this Court lacks jurisdiction over it pursuant to CPLR 3211(a)(8) as it was not actually named in this lawsuit.

In opposition[1], plaintiff contends that Movant makes an "outlandish argument" that Royal Charters Properties is not a business entity. It argues that the entities that brought the moving papers, Royal Charter Properties, Inc. and Royal Charter Properties-East, Inc., are not defendant therefore lack standing to bring the instant motion. Plaintiff points to a bid waiver that identifies the "Royal Charter Properties (RCP)" as proof that all the Royal Charter companies operate and conduct business under the umbrella of Royal Charter Properties. Plaintiff also argues that it served Royal Charter Properties, Inc. with the summons and notice by effectuating service on the Secretary of State.

**Discussion**

The Court's analysis begins with the caption contained in the summons with notice, which identifies the defendant as "Royal Charter Properties" (NYSCEF Doc. No. 1). The record on this motion shows that this entity does not exist. Movant identifies existing entities that have similar names but claims that "Royal Charter Properties" is not a legal entity and plaintiff does not dispute this point. Plaintiff did not, for instance, include a listing with the New York Department of State's corporation database to show that "Royal Charter Properties" is an entity. Instead, plaintiff uploaded a listing showing that Royal Charter Properties, *Inc.* and Royal Charter Properties-East Inc. are legal entities (NYSCEF Doc. No. 50).

---

[1] The Court observes that a new attorney claiming to represent plaintiff uploaded a request for an adjournment of the instant motion (NYSCEF Doc. No. 42), but that plaintiff's attorney throughout this case uploaded opposition papers. Therefore, the Court denies the adjournment request as the motion is fully submitted.

**150940/2022   FC COLLECTIONS INC. vs. ROYAL CHARTER PROPERTIES**                    **Page 2 of 5**
  **Motion No.  002**

2 of 5

Of course, this filing highlights the essential issue here. Plaintiff has obtained a judgment against "Royal Charter Properties" but has levied a bank account held by "Royal Charter Properties-East Inc." Plaintiff's argument appears to be that the defendant it named is close enough. Unfortunately, it did not cite any caselaw for the proposition that a Court can exert jurisdiction over an improperly named entity in a summons or that plaintiff can levy a bank account for a similarly named entity.

The Court observes that the affidavit of service suggests that plaintiff knew it named the wrong entity; it purports to effectuate service on "ROYAL CHARTER PROPERTIES, INC. S/H/A ROYAL CHARTER PROPERTIES" (NYSCEF Doc. No. 2). Of course, that is not the defendant it listed in the caption and, critically, it is not the entity upon which it sought to satisfy the judgment. Therefore, this affidavit of service is a nullity as it purports to effectuate service on defendant different from the one named in the summons. The misnaming of the defendant "was in fact no naming at all" (*Ross v Lan Chile Airlines*, 14 AD3d 602, 603, 789 NYS2d 77 [2d Dept 2005] [granting a motion to dismiss where the plaintiff misnamed the defendant in the caption]).

That plaintiff points to a bid waiver where "Royal Charter Properties (RCP)" is listed is of no moment. How an entity holds itself out has little to do with the party should be named in a lawsuit. Plus, in that example, there are three boxes listed that identify the specific names of the companies (*see* NYSCEF Doc. No. 43 at 4 [stating that the company names as "RCP, Inc.," RCP-East, Inc." and "RCP-East, LLC").

Typically, when there is confusion about the exact name of a party, a plaintiff will include additional names in a caption with indicators such as "d/b/a" or "s/h/a." And, often, once a party finds out that it named the wrong entity, it will move to amend the caption. Plaintiff did

**150940/2022 FC COLLECTIONS INC. vs. ROYAL CHARTER PROPERTIES** **Page 3 of 5**
**Motion No. 002**

3 of 5

not do that here despite apparently knowing it named the wrong entity when it filed the affidavit of service.

Simply because plaintiff named a defendant that is close to a real legal entity is not basis for this Court to assert jurisdiction over the legal entity (and, here, multiple legal entities). And there is no question that plaintiff cannot seek to satisfy its judgment against that non-existent entity by going after another entity's bank account (an entity that it did not name).

In any event, this Court lacks jurisdiction over both Royal Charter Properties, Inc. and Royal Charter Properties-East, Inc. as they were not named in this action and the judgment was not entered against them. This Court has no power to amend the caption *nunc pro tunc* (*Louden v Rockefeller Ctr. N., Inc.*, 249 AD2d 25, 26, 670 NYS2d 850 [1st Dept 1998]) and plaintiff has not made an application to amend the caption. Accordingly, the Court dismisses this case for lack of jurisdiction as the Court cannot assert jurisdiction over a non-existent entity.

Given the Court's decision, the Court also vacates the levy and execution issued to JPMorgan Chase Bank against Movant Royal Charter Properties-East Inc.'s bank account. Movant is entitled to restitution from plaintiff in the amount that was taken (the $644,460.66 levied from its bank account).

Accordingly, it is hereby

ORDERED that Movant Royal Charter Properties-East Inc.'s motion to vacate and to dismiss is granted and the judgment entered against the non-existent defendant on August 17, 2023 (NYSCEF Doc. No. 20) is hereby vacated; and it is further

**150940/2022  FC COLLECTIONS INC. vs. ROYAL CHARTER PROPERTIES**        **Page 4 of 5**
**Motion No.  002**

4 of 5

[* 4]

ORDERED that the levy and execution issued to JPMorgan Chase Bank is also vacated, and plaintiff shall pay restitution to Royal Charter Properties-East Inc. in the amount of $644,460.66 (the amount levied from its bank account) on or before February 6, 2024.

| 1/30/2024 | | | |
|-----------|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150940/2022 FC COLLECTIONS INC. vs. ROYAL CHARTER PROPERTIES
Motion No. 002

Page 5 of 5

5 of 5