Fraser v 134 Quincy St., LLC (2025 NY Slip Op 04233)

Fraser v 134 Quincy St., LLC

2025 NY Slip Op 04233

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2021-04266
 (Index No. 526666/19)

[*1]Dale Fraser, appellant, 
v
134 Quincy Street, LLC, et al., defendants, L & C Associates, LLC, respondent.

Alter & Barbaro, Brooklyn, NY (Bernard M. Alter and Nichole Bishop Castillo of counsel), for appellant.
Black Marjieh & Sanford LLP, Elmsford, NY (Steven R. Lau of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and damage to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Montelione, J.), dated April 15, 2021. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Lam and Co Consulting, LLC, incorrectly sued herein as L & C Associates, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Lam and Co Consulting, LLC (hereinafter the defendant), incorrectly sued herein as L & C Associates, LLC, among others, inter alia, to recover damages for negligence and damage to real property. The complaint alleged that the defendant was the architect responsible for the plans for construction work that damaged the plaintiff's property.
An affidavit of service through the Secretary of State of New York shows that the summons and complaint were served upon an entity named L & C Associates, LLC, on December 10, 2019.
After the defendant failed to answer the complaint, the plaintiff moved, inter alia, pursuant to CPLR 3215(b) for leave to enter a default judgment against the defendant.
The defendant opposed the plaintiff's motion and cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. The defendant contended that, despite the plaintiff's claims, it was never served. The defendant noted that, although it conducted business under the assumed name of L & C Associates, Lam and Co Consulting, LLC, was a separate and distinct entity from L & C Associates, LLC, and that there was no relationship or interconnection between the two entities.
In an order dated April 15, 2021, the Supreme Court, inter alia, granted that branch of the defendant's cross-motion which was to dismiss the complaint insofar as asserted against it. The plaintiff appeals.
It is undisputed that the plaintiff incorrectly named and served L & C Associates, LLC, and that the plaintiff failed to serve the defendant within the applicable three-year statute of limitations (see CPLR 214[4]). Under these circumstances, the naming of L & C Associates, LLC, was, in fact, no naming at all (see Ross v Lan Chile Airlines, 14 AD3d 602, 603), and the issue here was not improper service, but no service (see Kinder v Braunius, 63 AD3d 885, 887). Accordingly, the Supreme Court lacked personal jurisdiction over the defendant and properly directed dismissal of the complaint insofar as asserted against it.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
MILLER, J.P., FORD, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court